UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RASENE MYTON,

               Petitioner,

-against-                        **MEMORANDUM AND ORDER**
                                             Case No. 11-CV-1710 (FB)

UNITED STATES OF AMERICA

               Respondent.
------------------------------------------------------------x

*Appearances:*
*For the Petitioner*:
RASENE MYTON
*Pro Se*
U.S.P. Lee
P.O. Box 305
Jonesville, VA 24263

*For the Respondent*:
LORETTA LYNCH
United States Attorney
Eastern District of New York
BY:    ALEXANDER A. SOLOMON
           Assistant United States Attorney
271 Cadman Plaza East, 4th Fl.
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Petitioner Rasene Myton, appearing *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He has also made three motions to amend his § 2255 petition under Federal Rule of Civil Procedure 15. For the reasons that follow, the motions to amend are granted and the petition, as amended, is denied.

I.

        Myton was convicted on charges contained in two separate indictments. He was first tried on the "S-4 Indictment" and convicted of one count of conspiracy to commit robbery, one count of robbery and one count of attempted robbery, all in violation of the Hobbs Act, 18 U.S.C. § 1951, and three counts of unlawful use of a firearm in connection with a crime of violence, 18 U.S.C. § 924(c). A second trial, on the "S-6 Indictment,"

1

resulted in conviction on another count of attempted robbery under the Hobbs Act and another count of unlawful use of a firearm. The Court sentenced Myton to 90 years in prison and the convictions and sentence were affirmed on appeal. *See United States v. Myton*, 224 Fed. Appx. 125 (2d Cir. 2007).

On December 23, 2009, the Court denied Myton's initial § 2255 petition to vacate, set aside, or correct his sentence and did not issue a certificate of appealability ("Dec. 2009 Order"). On November 19, 2010, the Second Circuit denied Myton's motion for a certificate of appealability and dismissed his appeal. On March 28, 2011, the Supreme Court denied his petition for a writ of certiorari and, on May 23, 2011, it denied his petition for rehearing.

On March 25, 2011 – while his petition was pending before the Supreme Court – Myton mailed the present motion, requesting that the Court reconsider claims it "overlooked or misconstrued" in his § 2255 petition. As the initial petition was still the subject of appellate proceedings at the time Myton mailed the motion, it is not considered a "second or successive" petition within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Whab v. United States*, 408 F.3d 116, 119-20 (2d Cir. 2005). The Court has jurisdiction to consider Myton's claims without the Second Circuit's authorization. *Id.*

Myton moved to amend his pending motion pursuant to Federal Rule of Civil Procedure 15 on July 5, 2011; November 17, 2011, and December 15, 2011. These motions are granted. As amended, the underlying motion raises claims that his counsel was ineffective for (1) failing to object to the Court's fact-finding at sentencing; (2) failing to

2

object to the government's misidentification of a robbery victim; (3) failing to move to dismiss the S-6 Indictment on double jeopardy or estoppel grounds; (4) failing to move to dismiss the S-6 Indictment on speedy trial grounds; (5) failing to object when the Court informed the jury that it did not have to find that Myton intended to affect interstate commerce; (6) failing to object to a portion of the jury charge that suggested that the charged crime did not have to affect interstate commerce; and (7) failing to object to a multiplicitous indictment.

## II.

The first three of Myton's claims were addressed by the Court in its December 2009 Order and found to lack merit. Myton raises no new arguments on these claims and, on further review, the Court adheres to its prior decision that (1) Myton points to no error that counsel failed to raise during sentencing – the Court's fact-finding during sentencing was proper and affirmed on appeal, see *Myton*, 224 Fed. Appx. at 132; (2) the victim identification issue cannot be grounds for an ineffective assistance claim because Myton's trial and appellate counsel raised the issue before the Court and on direct appeal; and (3) the S-6 Indictment charged different criminal conduct than the S-4 indictment, and so did not violate double jeopardy.[1]

---

[1] In his motions to amend, Myton attempts to reformulate his double jeopardy argument as an estoppel argument, but he merely restates his double jeopardy claim by arguing that because "jeopardy had attached" to the S-4 Indictment, the S-6 Indictment should have been dismissed "on estoppel grounds." To the extent that Myton is raising a new collateral estoppel claim, he fails to point to any issues resolved in his favor during the first trial that should not have been relitigated. *See United States v. Chestaro*, 197 F.3d 600, 609 (2d Cir. 1999) ("The collateral estoppel component [of the Double Jeopardy Clause] precludes the government from retrying a defendant where the jury's verdict in the initial trial necessarily determined in the defendant's favor an issue that would be an element of the

Myton's counsel was not ineffective for failure to object to the second trial on speedy trial grounds. The parties agree that 53 non-excused days passed between the date of the S-6 indictment and trial – less than the 70 days permitted by the Speedy Trial Act. *See* 18 U.S.C. § 3161(c)(1). Myton argues that his trial was nevertheless untimely because the S-6 Indictment inherited the time that lapsed following the original indictment. The S-6 Indictment was not filed, however, until after Myton's first trial; it did not charge him with "the same offense" as the original indictment, which had already resulted in conviction, "or any offense required to be joined with that offense." *See United States v. Roman*, 822 F.2d 261, 264 (2d Cir. 1987) (holding that a superseding indictment inherits the time elapsed on the original indictment under those circumstances).

Myton next claims that his counsel was ineffective for failing to object to two elements of the jury charge. First, although both indictments charged Myton with "knowingly and intentionally" affecting or attempting to affect commerce, the court charged the jury that it did not have to find that Myton intended for his actions to affect commerce. Myton argues that his counsel should have objected to this "constructive amendment" of the indictment. Because the charge correctly reflected the law, *see United States v. Arena*, 180 F.3d 380, 390 (2d Cir. 1999) ("the government need not prove that it was the defendants' purpose to affect commerce"), counsel was not ineffective for failing to object to it. Second, Myton argues that a misstatement in the Court's jury charge may have mislead the jury. The charge as a whole, however, clearly informed the jury that it had to find that the crime affected interstate commerce or would have, had it been completed.

---

offense to be proven at the retrial.").

4

*See United States v. Sabhnani*, 599 F.3d 215, 238 (2d Cir. 2010) ("When a jury charge contains language that could potentially confuse the jury as to the applicable law, we look to see whether the charge as a whole adequately instructed the jury as to the applicable legal standard").

Finally, Myton argues that his counsel was ineffective for failing to object to the S-4 and S-6 Indictments on the grounds that they charged separate counts for crimes committed in the course of the charged conspiracy. It is well-settled, however, that "[c]onspiracy is a crime that is separate and distinct from the substantive offense that is the object of the conspiracy." *U.S. v. Rosa*, 17 F.3d 1531, 1543 (2d Cir. 1994). Counsel was therefore not ineffective for failing to raise this issue.

### III.

Myton's petition, as amended, is denied in its entirety. Because Myton has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

                                                                _____
                                                                FREDERIC BLOCK
                                                                Senior United States District Judge

Brooklyn, New York
February 7, 2012